IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.                                          CRIMINAL CASE NO. 3:22-cr-076

JARED LEE SPICER, D.P.M.

## PLEA AGREEMENT

The United States Attorney hereby proposes to the Court a Plea Agreement to be filed in this cause under Rule 11(c) of the Federal Rules of Criminal Procedure. Defendant has read and fully understands this Plea Agreement and approves same, realizing that the Plea Agreement is subject to acceptance or rejection by the Court. The Plea Agreement is as follows:

1.   GUILTY PLEA:  The defendant agrees to plead guilty under oath to Count One of a Bill of Information, which charges that the defendant, JARED LEE SPICER, D.P.M., did knowingly and willfully conspire and agree with Logan Hunter Power, Carey "Craig" Williams, D.P.M., and persons known and unknown to the United States Attorney, to commit health care fraud, in violation of Title 18, United States Code, Section 1349, which carries maximum possible penalties of not more than 10 years' imprisonment, not more than 3 years supervised release, not more than a $250,000 fine or twice the gross gain or gross loss, whichever is greater, a special assessment of $100, and restitution as appropriate.

2.   OTHER CHARGES:  The United States agrees not to charge the defendant with any other offenses arising from or related to the above charge.

3.   RESTITUTION:  The defendant understands that the Court may order restitution in accordance with the provisions of Title 18, United States Code, Section 3663 for all offenses committed and specifically agrees that restitution is not limited to the count of conviction.

4.     OTHER AUTHORITIES:   This agreement does not bind any prosecuting authority of any state or any other federal district, nor does it bind the Attorney General of the United States with regard to any matter, criminal or civil, involving federal tax laws.   Nor does this agreement bind the United States or any of its departments or agencies with regard to any civil or administrative actions or remedies.

5.     VIOLATIONS OF THIS AGREEMENT:   The United States and the defendant agree that, effective as of the date the defendant signed this Plea Agreement, and notwithstanding any other subsequent event, including but not limited to the defendant's failure to plead guilty, the Court's refusal to accept the defendant's guilty plea, or the defendant's withdrawal (or attempted withdrawal) of his guilty plea, all statements made pursuant hereto will be admissible against defendant as: (a) substantive evidence offered by the government in its case-in-chief and rebuttal case; (b) impeachment evidence offered by the government on cross-examination; and (c) evidence at any sentencing hearing or other hearing.   Defendant hereby waives the provisions of Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence.   If defendant violates this Plea Agreement, he may be prosecuted for all federal offenses, including perjury and false statements relating to this agreement.

6.     ACKNOWLEDGMENTS:   Apart from being advised of the applicability of the U.S. Sentencing Guidelines, and other than as set forth elsewhere in the plea documents, no promise or representation whatsoever has been made to defendant as to what punishment the Court might impose if it accepts the plea of guilty.   This agreement fully reflects all promises, agreements, and understandings between the defendant and the United States Attorney.   The defendant's agreement is knowing, free, and voluntary, and not the product of force, threat, or coercion.   The defendant is pleading guilty because defendant is in fact guilty.

2

This the ___2___ day of _____June_____, 2022.

CLAY JOYNER
United States Attorney
Mississippi Bar No. 10316

AGREED AND CONSENTED TO:

JARED LEE SPICER, D.P.M.
Defendant

APPROVED:

Scott Gilbert
Attorney for Defendant
Mississippi Bar No. 102173

3